UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOUISA FERNANDEZ,

        Plaintiff,

v.                                                        Case No. 6:24-cv-1270-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Louisa Fernandez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of asthma, leg and back pain, high blood pressure, a skin condition, and mental health impairments including post-traumatic stress disorder, depression, and anxiety. Transcript of

---

[1] Frank Bisignano was recently confirmed as the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed September 11, 2024, at 60, 70, 82, 95, 328.

On March 17, 2021, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of March 5, 2021. Tr. at 278-82, 283-304 (DIB), 264-72 (SSI).[3] The applications were denied initially, Tr. at 58, 60-69, 110-13, 118 (DIB); Tr. at 59, 70-79, 120-23 (SSI), and upon reconsideration, Tr. at 80, 82-94, 143-45 (DIB); Tr. at 81, 95-107, 147-49 (SSI).[4]

On October 11, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[5] Tr. at 28-57. On November 30, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 10-21.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 4-5 (Appeals Council exhibit list and order), 262-63 (request for review). On May 10, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the

---

[3] The applications were actually completed on March 17, 2021 and April 9, 2021, respectively. See Tr. at 282 (DIB), 264 (SSI). The protective filing date for both the applications is listed elsewhere in the administrative transcript as March 17, 2021. Tr. at 60, 82 (DIB), 70, 95 (SSI).

[4] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone, with Plaintiff's consent. Tr. at 30, 209-10.

2

Commissioner. On July 12, 2024, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred in "failing to fully and fairly discuss and evaluate the opinions of medical experts." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 19; "Pl.'s Mem."), filed January 7, 2025, at 3 (capitalization and emphasis omitted). On February 10, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

3

or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 12-21. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since March 5, 2021, the alleged onset date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: asthma, degenerative disc disease of the lumbar spine, degenerative joint disease, obesity, trauma, anxiety, depression, and attention-deficit hyperactivity disorder (ADHD)." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

4

> [Plaintiff can] perform light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b) except occasionally kneel, crouch, crawl, and climb ramps and stairs but never ladders, ropes, or scaffolds. She should avoid concentrated exposure to hazards, extreme cold, heat, and fumes. She could perform simple but not complex tasks. She can have occasional interaction with the public.

Tr. at 14.

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Driver," a "Fast food cook," a "Cashier," and a "Receptionist." Tr. at 20 (citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 20-21. After considering Plaintiff's age ("47 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 20 (citation and some emphasis omitted), such as "Marker," "Routing clerk," and "Router," Tr. at 21. The ALJ concluded Plaintiff "has not been under a disability . . . from March 5, 2021, through the date of th[e D]ecision." Tr. at 21 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported

5

by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating the medical expert opinions, particularly in finding "persuasive" the opinions of State Agency psychological consultants but not adopting in the RFC their findings that Plaintiff would have

6

moderate limitations in various functioning areas. Pl.'s Mem. at 4-5; see Tr. at 18 (ALJ's Decision). Responding, Defendant contends "the ALJ's RFC finding was fully consistent with the narrative discussions provided by [the S]tate [A]gency psychologists, describing the actual mental [RFC] assessment." Def.'s Mem. at 7.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's]

7

medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). [7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same,

---

[7] Plaintiff filed her applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

[the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[8]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

---

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

Here, the ALJ found "persuasive" the opinions of State Agency psychological consultants Heather J. Hernandez, Ph.D. and Richard K. Lyon, Ph.D., [9] that Plaintiff "possessed severe mental impairments and mild to moderate limitations of the 'B' criteria." Tr. at 18 (citations omitted). In support, the ALJ found "that the opinions are consistent with the medical evidence of record and supported by examination findings of deficits in mood and affect, difficulties in memory and concentration, deficits in thought content, conservative treatment with medication and therapy, no hospitalizations due to mental health impairment, and ability to perform activities of daily living independently." Tr. at 18.

The ALJ then crafted an RFC that sufficiently accounted for the actual narrative restrictions assigned by both psychological consultants. Dr. Hernandez found Plaintiff is "capable of understanding and remembering simple instructions"; is "capable of carrying out simple instructions and sustaining A/C and pace for simple tasks"; and is "capable of adapting to routine work setting." Tr. at 67, 77. Similarly, Dr. Lyon found Plaintiff "retains the ability to understand and remember routine instructions and work procedures"; is "capable of sustaining concentration, persistence and pace to complete simple

---

[9] The ALJ did not refer to these consultants by name, but she cited Exhibits 3A, 4A, 7A, and 8A, which contain their opinions. See Tr. at 63-64, 66-68, 73-74, 77-78, 87-88, 91-93, 98-101, 104-06.

tasks over a normal 8hr/5day task schedule with customary breaks"; "is capable of interacting appropriately with the general public, coworkers and supervisors"; and "is generally adaptable in a task setting but would do best if changes were introduced in a gradual manner" and "would do best in a low productivity demand work setting." Tr. at 93. In the RFC, the ALJ found Plaintiff can "perform simple but not complex tasks" and should have "occasional interaction with the public." Tr. at 14. These restrictions appropriately accounted for the opinions of Dr. Hernandez and Dr. Lyon.

Plaintiff contends the ALJ should have included additional restrictions for moderate limitations in the ability to work in coordination with or in proximity to others without being distracted by them, and in her ability to complete a normal workday and work week without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. Pl.'s Mem. at 4 (citing Tr. at 67, 77, 105). Those restrictions, however, were noted in the portion of the form that "help[s] determine the individual's ability to perform sustained work activities." Tr. at 67, 77, 91, 104. "[T]he actual mental [RFC] assessment is recorded in the narrative discussion(s)." Tr. at 67, 77, 91, 104; see also, e.g., Land v. Comm'r of Soc. Sec., 494 F. App'x 47, 49 (11th Cir. 2012) (quotations and internal alterations omitted) (discussing the Program Operations Manual System (POMS) that provides the "moderately limited" boxes checked by

11

doctors "are only part of a worksheet that does not constitute the doctors' actual RFC assessment" and instead it is "detail[ed]" by the doctors later). Both psychological consultants here followed the form's directives and detailed mental RFC restrictions in the narrative discussion. As previously stated, the restrictions are adequately accounted for in Plaintiff's RFC.

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 11, 2025.

*[signature]*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record